IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MICKEY V. SHANKLIN, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01030-STA-jay |
| | ) | |
| STEVE UPTON, SR., | ) | |
| | ) | |
|     Respondent. | ) | |

ORDER DIRECTING CLERK TO MODIFY THE DOCKET
AND
RESPONDENT TO RESPOND TO THE PETITION

Petitioner Mickey V. Shanklin has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The pleading is before the Court for initial review. *See Rules Governing Section 2254 Cases in the United States District Courts* ("Rules"), Rule 4.

Respondent Steve Upton, Sr., is **ORDERED** to file a response to the Petition within twenty-eight days of entry of this order.[1]  *See* Rule 5(a)-(d). For each claim presented, the answer shall state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses. Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the Petitioner's

---

[1] The Clerk is **DIRECTED** to modify the docket to reflect Steve Upton, Sr., as Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Fed. R. Civ. P. 25(d).

argument that he is entitled to habeas relief with appropriately reasoned legal and factual argument.  The response shall include the complete state-court record, as defined in Administrative Order 16-31.  The record shall be organized and appropriately indexed in the manner specified in Administrative Order 16-31.[2]  Each docket entry in CM-ECF shall have a label corresponding to the index.

It is further **ORDERED** that the Clerk send a copy of the Petition and this order to Respondent and to the Tennessee Attorney General and Reporter by certified mail.  *See* Rule 4.

Pursuant to Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight days of service.  Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.

Petitioner is advised that he must keep the Court apprised of his whereabouts by filing a notice of change of address with the Clerk of Court any time his residence changes during the pendency of this case.  Failure to notify the Clerk may result in dismissal of the case and the Petition for non-compliance with this directive and for lack of prosecution.  *See* Fed. R. Civ. 41(b).

---

[2] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate.  *See* Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf (last accessed April 1, 2022).

**IT IS SO ORDERED**.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        CHIEF UNITED STATES DISTRICT JUDGE

                                        Date: April 1, 2022